IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

DOUGLAS P. CHAPPELL,        )
    Appellant,         )
                            )
v.                          )    1:10cr42(LMB)
                            )    (Appeal from 1:09mj00784)
UNITED STATES OF AMERICA,   )
    Respondent.        )

## MEMORANDUM OPINION

Douglas P. Chappell appeals his conviction by a magistrate judge for unlawfully impersonating a police officer in violation of 18 U.S.C. § 13, assimilating Va. Code § 18.2-174, on jurisdictional, First Amendment, and evidentiary grounds. Specifically, Chappell argues that 18 U.S.C. § 13, the Assimilative Crimes Act ("ACA"), does not apply to national parkland, that Va. Code § 18.2-174 is unconstitutionally vague because it criminalizes protected First Amendment speech, and that the trial evidence was insufficient to support his conviction. Finding no error by the magistrate judge, the conviction will be affirmed.

I.  FACTUAL BACKGROUND

Chappell was stopped by a United States Park Police Officer on the George Washington Memorial Parkway on October 6, 2009 for speeding. Upon being stopped, Chappell falsely told the Officer that he was a Fairfax County deputy sheriff, when in fact he had not been employed by the Fairfax County Sheriff's Office for

1

approximately a year. As a result of this false statement Chappell was charged by a criminal information with the Class I misdemeanor of impersonating a police officer, as well as the speeding charge. Chappell pleaded guilty to the speeding charge (Count Two), but proceeded to a bench trial on the impersonation charge (Count One). He was convicted on January 21, 2010, and sentenced to six months of probation with a special condition of 40 hours of community service and fined $250.00 with a special assessment of $25 for Count One.[1]

II. DISCUSSION

A district court reviews a magistrate judge's findings of fact under a clearly erroneous standard, and his conclusions of law de novo. See Fed.R.Crim.P. 58(g)(2)(D); United States v. Bursey, 416 F.3d. 301, 305-06 (4th Cir. 2005). Chappell argued before the magistrate judge and in his appeal that Count One should have been dismissed for lack of jurisdiction because the ACA does not apply to national parklands. The ACA provides that:

> Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in Section 7 of this title . . . is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

18 U.S.C. §13(a).

---

[1] An additional fine of $120 and a special assessment of $10 were imposed on Count Two.

Chappell originally based his argument on a tortured textual reading of the statutory definition of "special maritime and territorial jurisdiction of the United States" which is described in 18 U.S.C. § 7(3) as including:

> [a]ny lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building.

See also 18 U.S.C. § 13(a) (the subsection of the ACA that adopts the jurisdictional statement of 18 U.S.C. § 7(3)). Focusing on the placement of the third comma in that subpart, Chappell argued that the phrase "for the erection of a fort, magazine, arsenal, dockyard or other needful building," modifies the phrase "any lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof . . .." On this basis he argued that the George Washington Parkway would not fall within the definition of the special maritime and territorial jurisdiction of the United States because it is neither a fort, magazine, arsenal, dockyard, or needful building. The magistrate judge rejected that argument in a well-reasoned opinion, which this Court fully adopts.

Chappell stressed a different argument on appeal, maintaining that Congress intended the national parks to be governed solely by regulations enacted by the Secretary of the Interior ("the Secretary") pursuant to 16 U.S.C. § 3, 39 Stat.

3

535 (1916). He then argues that in 36 C.F.R. 4.2, the Secretary elected to adopt only the traffic laws of each state in which the national parks are located, and that by this decision he necessarily declined to adopt the entire criminal code of each state. Accordingly, Chappell argues, non-traffic laws of the Commonwealth of Virginia cannot be enforced by the United States government in national parklands.

As the government correctly argues, there is nothing in the text of 16 U.S.C. § 3 or the regulations adopted by the Secretary that supports Chappell's argument. Moreover, Chappell cannot point to any case law adopting his position. To the contrary, the Fourth Circuit's majority opinion in <u>United States v. Fox</u>, 60 F.3d 181 (4th Cir. 1995) strongly supports the government's position. Fox was convicted of the felony offense of driving a motor vehicle on the George Washington Memorial Parkway after being declared an habitual offender, in violation of 18 U.S.C. § 13 assimilating Va. Code Ann. § 46.2 - 357. Fox argued that he should not have been prosecuted under the ACA because the offense at issue essentially involved violating a Virginia state traffic law, which had been applied to the George Washington Memorial Parkway by the Secretary in 36 C.F.R. § 4.2(a). Section 4.2(a) provides: "Unless specifically addressed by regulations in this chapter, traffic and the use of vehicles within a park area are governed by state law. State law as now or may later be in effect is adopted and made a part of the regulations in this

4

part." Although the Fourth Circuit agreed with Fox that the Secretary's regulations, such as 36 C.F.R. § 4.2(a), for governing the national parks qualify as enactments of Congress for the purposes of the ACA, it also found that the essential nature of the habitual offender offense was the wilfull violation of a court order, and concluded that "[b]ecause no federal law or regulation pertained to Fox's defiance of the court order, he was properly prosecuted under state law assimilated by the Assimilative Crimes Act." Fox, 60 F.3d at 185. That holding clearly expresses the Court's view that state criminal statutes can be enforced on federal parklands, as long as no enactment of Congress has already made the conduct punishable. Neither the Secretary through regulation nor Congress through a specific statute has made impersonating a state law enforcement officer a crime. Accordingly, use of the ACA was appropriate, and the magistrate judge's decision on this issue will be affirmed.

Chappell next argues that Va. Code § 18.2-174 is overbroad because it implicates speech protected by the First Amendment. See United States v. Williams, 553 U.S. 285, 292-93 (2008). Va. Code § 18.2-174 provides that:

> Any person who shall falsely assume or exercise the functions, powers, duties and privileges incident to the office of sheriff, police officer, marshal, or other peace officer, or who shall falsely assume or pretend to be any such officer, shall be deemed guilty of a Class 1 misdemeanor.

Chappell maintains that the criminalization of "pretend[ing] to

5

be any such officer" is overbroad because it criminalizes protected speech such as wearing a police uniform to a costume party. Again, in a well-written and thorough opinion, the magistrate judge rejected that argument, however, that opinion was issued before the Supreme Court decided <u>United States v. Stevens</u>, 130 S.Ct. 1577 (2010), which struck down a federal statute that criminalized the commercial creation, sale, or possession of depictions of animal cruelty as overbroad on First Amendment grounds. As the government correctly argues, the <u>Stevens</u> decision did not change the standard for finding a statute overbroad. That standard requires that "a 'substantial number' of [a law's] applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." <u>Stevens</u>, 130 S.Ct. at 1580 (<u>quoting</u> <u>Washington State Grange v. Washington State Republican Party</u>, 552 U.S. 442, 449 n.6 (2008)). "Invalidation for overbreadth is 'strong medicine' that is not to be 'casually employed.'" <u>Williams</u>, 553 U.S. at 293 (<u>quoting</u> <u>Los Angeles Police Dept. v. United Reporting Publishing Corp.</u>, 528 U.S. 32, 39 (1999)).

In this case, the Virginia unlawful impersonation statute has a "plainly legitimate sweep," the public-safety-related aim of deterring the impersonation of police officers. That a small amount of protected conduct, such as dressing up for a costume party, may fall within the sweep of the statute does not meet the "substantial amount" test that would justify a finding of

6

overbreadth. See Virginia v. Hicks, 539 U.S. 113, 121-23 (2003). Unlike the statute at issue in Stevens, Va. Code § 18.2-174 does not "create a criminal prohibition of alarming breadth." Stevens, 130 S.Ct. at 1588. Accordingly, Va. Code § 18.2-174 is not unconstitutionally overbroad even in light of Stevens, and the decision of the magistrate judge on this issue will be affirmed.

Lastly, Chappell argues that the evidence presented at trial was legally insufficient to support his conviction, citing Jackson v. Virginia, 443 U.S. 307, 319 (1979) (finding a due process violation where evidence was insufficient to support a conviction). Chappell specifically contends that, "absent some assertion of authority or conduct exercising the powers and duties of a police officer, the evidence is legally insufficient to convict." Appellant Br. at 8. Chappell misreads the statute, which criminalizes not only the assertion of authority or conduct exercising the "powers, duties and privileges incident to the office of" police officer, but also criminalizes "pretend[ing] to be any such officer." Va. Code § 18.2-174. The magistrate judge's factual finding that Chappell "stated that he was a sworn deputy sheriff with Fairfax County" is not clearly erroneous, and Chappell concedes that he "briefly claimed to be a police officer in a failed attempt to avoid a speeding ticket." Appellant Br. at 8. Chappell's conduct clearly falls within the conduct prohibited by the statute. He was not on his way to a costume

7

party; instead, he was trying to avoid receiving a traffic ticket by falsely claiming to be a Virginia law enforcement officer.

Accordingly, for the above-stated reasons, the decision of the magistrate judge will be affirmed by a separate Order consistent with this opinion.

Entered this 21st day of June, 2010.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge